UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LAURA DEE,

    Plaintiff,

v.

SIGN ACQUISITION, LLC., DBA
AMERICAN INTERSTATE SIGNCRAFTERS, LLC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, LAURA DEE (hereinafter, "DEE" or Plaintiff), by and through her undersigned attorney, hereby files her Complaint, and sues Defendant, SIGN ACQUISITION, LLC., DBA AMERICAN INTERSTATE SIGNCRAFTERS, LLC (hereinafter, "SIGN,"), and says:

### JURISDICTION AND VENUE

1. This is an action for retaliation with Plaintiff's rights under the Family and Medical Leave Act of 1993, ("FMLA") 29 U.S.C. §§ 2601, *et. seq.*, seeking damages, costs, and attorney's fees.

2. This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3. The unlawful acts complained of herein occurred within the Southern District of Florida making venue proper in this District.

4. Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

## PARTIES

5. Plaintiff is a citizen and resident of Palm Beach County, Florida, over the age of eighteen years and otherwise *sui juris*.

6. Defendant SIGN is a sign manufacturing and maintenance company which employed DEE from March 25, 2021, through November 3, 2022, and issued Plaintiff her paychecks.

7. At all times relevant hereto, SIGN was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

8. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her spinal surgery on October 10, 2022 and subsequent requests for leave FMLA leave or intermittent leave. DEE is therefore an "employee" under 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

9. DEE was an employee of SIGN continuously from March 25, 2021, through November 3, 2022. At all times relevant, DEE held a position as Accounts Payable Manager at the company's Boynton Beach, Florida location, and sometimes remotely.

10. On October 10, 2022, DEE had spinal surgery and was out for approximately one week. At that time, SIGN had an obligation to provide DEE with the standard Notice of Rights and Responsibilities package which SIGN failed to do. Subsequently, upon her return to work, remotely, DEE sent written requests for FMLA or intermittent FMLA relief on October 21, 2022, and October 24, 2022, respectively. Copies of the written requests are attached hereto as Exhibit 1.

11. DEE was seeking FMLA leave, or intermittent FMLA leave, to recover from her surgery.

12. On October 24, 2022, Carl Schaetzle, the company's controller, provided written acknowledgement of DEE's FMLA requests. See Exhibit 1.

13. SIGN failed to provide DEE with the necessary FMLA paperwork and instead terminated her on November 3, 2022.

14. Plaintiff has hired the undersigned firm to represent her in her claims and has agreed to pay it a reasonable fee.

15. All conditions precedent to this action have been performed or have been waived.

## COUNT ONE: VIOLATION OF THE FMLA (RETALIATION)

16. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–15 above as though the same were fully set forth herein.

17. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

18. At all times relevant, Defendant SIGN was Plaintiff's "employer" as defined under the FMLA, 29 U.S.C. § 2611.

19. Plaintiff gave sufficient notice to her employer of her need for leave to have spinal surgery. Such leave was approved by Defendant.

20. DEE then did take leave from October 7, 2022, through October 14, 2022.

21. Immediately upon DEE's return to work on October 17, 2022, Defendant reduced Plaintiff's responsibilities and then terminated Plaintiff's employment on November 3, 2022.

22. DEE was told that her work product was unsatisfactory, notwithstanding she had received a raise just months prior to her need for surgery.

23. Plaintiff's termination constitutes an adverse employment action.

24. The fact that DEE took leave was a "protected activity" under the FMLA.

25. DEE's leave was, at minimum, a motivating factor in Defendant's decision to terminate DEE's employment.

26. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

27. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

28. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendants.

WHEREFORE, Plaintiff LAURA DEE requests:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## COUNT TWO: VIOLATION OF THE FMLA (INTERFERENCE)

35. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–15 above as though the same were fully set forth herein.

36. DEE was eligible for FMLA leave for her spinal surgery and subsequent recovery pursuant to 29 U.S.C. § 2612(a)(1)(C).

37. Upon knowledge that Plaintiff's request for leave (surgery) may be for an FMLA-qualifying reason, Defendant was required to notify Plaintiff of her rights and responsibilities under the FMLA within five (5) days.

38. Defendant failed to inform Plaintiff of her rights and responsibilities under the FMLA which interfered with Plaintiff's rights under the FMLA.

39. Upon her return from surgery, DEE requested leave in writing pursuant to the statute on or about October 21, 2022, and October 24, 2022, respectively.

40. Defendant again failed to comply with the statute by providing Plaintiff the necessary paperwork to facilitate FMLA or intermittent FMLA.

41. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to be restored to her former position or its equivalent.

42. When Defendants terminated Plaintiff, Defendants interfered with DEE's right to her position (or its equivalent) and thus violated the FMLA.

43. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

44. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

45. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct their employees.

46. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendants.

47. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff LAURA DEE requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, LAURA DEE, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: December 9, 2022.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        SHANNA WALL, Esq.
        Fla. Bar #0051672
        shanna@icelawfirm.com
        JORGE GONZALEZ, Esq.
        Fla. Bar #0051672
        jorge@icelawfirm.com